Reese, J.
delivered the opinion of the court.
Complainants Whitmore & Trotter were partners in trade. Upon the dissolution of the partnership, each received and appropriated an equal share of the debts and other effects belonging to the firm. Afterwards, the partners being still indebted for goods purchased in the Eastern cities, Trotter gave to the complainant a mortgage upon certain negroes to secure him *98 against any payment of those debts he might have to make beyond the one-half for which, as between them, he was liable. Trotter subsequently absconded to Texas, and the defendant Parks having attached the negroes in question, as a creditor of Trotter, this bill was filed to restrain the sale of them. Upon the coming in of Parks’ answer, the chancellor dissolved the injunction theretofore granted, and the negroes, upon Parks’ execution, and upon another execution sued out by Jackson, were sold at public sale, and Jackson became the purchaser for an amount equal to the two executions. And, thereafter, Trotter having died, and the said Jackson having administered upon his estate, he was made a party in that character to this suit, and in his own right, as the purchaser and possessor of said mortgaged slaves.
The complainant having been compelled to pay a large amount of the debts for which 'Trotter was liable, the chancellor, at the hearing, by his decree declared, that he was entitled to have delivered to him, the mortgaged slaves, and to have an account for the value of their hire; and he further declared, that the sale of the negroes by the executions of Parks and Jackson having been wrongful, Jackson the purchaser of the ne-groes at the sale, should have refunded to him by Parks the amount paid on his execution. An attempt has been strenuously made, in the proof, and in the argument, to assail the mortgage deed on the ground of fraud, but we think altogether without success.
We think the i-elation of the parties, and the attitude of their affairs, at the time of its execution, furnish no grounds for its impeachment ; and subsequent events have shown that on the part of complainant, it was an act of just and necessary precaution. The decree, however, in omitting to direct an account to ascertain the amount for which the mortgaged property was liable, by reason of the larger payments, on the part of complainant, towards the partnership debts, than were made by Trotter and in omitting to direct a foreclosure of the mortgage and sale of the negroes and in ordering' an account to be taken of the value of their hire, is clearly erroneous.
The mortgagee is not entitled to have the slaves delivered *99 to him specifically, nor is he entitled to have any account for the value of their hire. In this court the mortgage is looked upon as a security only for the debt, and the corpus of the property only, and not its hire or rents and profits, when the mortgagee is out of possession, constitutes the fund for its satisfaction. If in possession, so far from being entitled to the beneficial enjoyment of hire, or rents and profits, he is liable to account for them to the mortgagor.
The decree in favor of Jackson against Parks, is also clearly erroneous. There is no peculiar relation between them in this case, out of which an equity in favor of Jackson against Parks-could arise. The executions of each was levied upon the property and Jackson became the purchaser-. There is no principle which would maintain the decree in this respect, unless we were prepared to hold, that in every instance of an execution sale, the execution creditor is a guarantor to the purchaser of the title to property levied on and sold. So to hold, would be to introduce a new principle in conflict with the long established and well settled opinions on this subject, of all our courts, of the profession, and of the community. The decree in this particular, also, must be reversed.
The costs of the complainant, and of Parks/ in the court below, must be paid by Parks, and the costs of Jackson by himself. In this court, the costs will be paid out of the mortgage fund.